# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| United States of America, | ) |
|     Plaintiff, | ) |
| v. | ) Case No.: 25-03001-01-CR-S-MDH |
| Hugo Ricardo Mr. Huacuz, | ) |
|     Defendant. | ) |

## DEFENDANT'S SENTENCING MEMORANDUM

**COMES NOW,** Defendant Hugo Ricardo Huacuz, by and through counsel, Schenewerk and Associates, Attorneys at Law, LLC, and pursuant to Fed. R. Crim. P. 32, hereby submits his Sentencing Memorandum.

### I. INTRODUCTION

On February 25, 2025, Defendant Hugo Ricardo Huacuz pled guilty to Count 1 Wire Fraud, in violation of 18 U.S.C. § 1343), Counts 2 and 3 (Theft of Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(A) and (b)), Count 4 (Illegal Monetary Transactions, in violation of 18 U.S.C. § 1957) and Count 5 (Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A). On March 7, 2025, the Court accepted Mr. Huacuz's plea. During the plea exchange, the Government agreed to recommend no more than 30 months of imprisonment for Counts 1 through 4, to be served concurrently. The Government also agreed to recommend a sentence no more than 24 months on Count 5, to run consecutively to the sentenced imposed on Counts 1 through 4.[1]

---

[1] *See* Presentence Investigation Report ("PSR") at 5; ¶ 2(f).

The PSR calculated Mr. Huacuz's total offense level at 25, with a criminal history score of 0, placing him in Category I.[2] . Based on these calculations, the guideline range is 57 to 71 months for Counts 1 through 4, with a mandatory consecutive two-year sentence required for Count 5.[3] For the reasons set forth below, Mr. Huacuz respectfully requests that this Court impose a downward variance and a below-guidelines sentence of 12 months of home confinement, to be served concurrently on Counts 1 through 4, followed by a consecutive 24-month sentence on Count 5, for a total sentence of 36 months.

II. **LEGAL STANDARD**

The Supreme Court in *United States v. Booker* held that the Sentencing Guidelines are no longer mandatory but advisory, and in *Gall v. United States*, the Court clarified that sentencing decisions are now reviewed under an abuse-of discretion standard to determine whether they are reasonable.[4]

The statute, 18 U.S.C. § 3553(a), specifies four purposes of sentencing including (1) just punishment, (2) deterrence, (3) protection of the public and (4) rehabilitation. This provision instructs the court to "impose a sentence that is sufficient, but not greater than necessary."[5] In fulfilling this purpose, the Court is allowed to consider: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, pertinent policy statements, unwanted sentence disparities among similarly situated defendants, the need to provide restitution to the victims of the offense, and the Sentencing Guidelines.[6]

---

[2] PSR at 15-16; ¶¶ 47, 52-53.
[3] PSR at 22; ¶ 85.
[4] *Gall v. United States*, 128 S. Ct. 586, 594-95 (2007).
[5] *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017) (quoting 18 U.C.S. § 3553(a) (2025)).
[6] 18 U.S.C. § 3553(a)(1)-(7).

Once a Guidelines range has been determined, the Court should afford both parties the opportunity to argue for "whatever sentence they deem appropriate."[7] The district judge must then consider all of the 18 U.S.C. § 3553(a) factors to determine whether the requested sentence is reasonable.

In making this determination, the Court is not required to presume that the Guidelines range is reasonable, but rather, it must conduct an individualized assessment based on the factors presented.[8]

### III. RELEVANT FACTORS AND CONSIDERATIONS

#### A. Defendant's PSR Calculation and Sentences in Comparable Cases

As noted above, the PSR determined that the defendant's total offense level is 25, with a criminal history category of I, resulting in an advisory sentencing range of 57 to 71 months for Counts 1 through 4, pursuant to the U.S. Sentencing Guidelines.[9] Additionally, Count 5 carries a mandatory consecutive sentence of 24 months, as required by statute.[10] In evaluating the reasonableness of a potential downward variance, it is crucial to consider sentencing outcomes in comparable cases. A review of similarly situated defendants, meaning those with the same offense level and criminal history, reveals that while all received sentences within the guideline range, the average sentence imposed for Counts 1 through 4 was significantly lower than the guideline midpoint, averaging just 23 months.[11] Such data emphasizes the importance of individualized sentencing and supports the consideration of a downward variance in Mr. Huacuz's case.

---

[7] *Gall,* 128 S. Ct. at 596-97.
[8] *Id.*
[9] PSR at 15-16; ¶¶ 47, 52-53.
[10] PSR at 22; ¶ 83.
[11] U.S. Sent'g Comm'n, *Interactive Data Analyzer*, https://ida.ussc.gov (last accessed July 25, 2025) (filtering for fiscal years 2019-2024; crime type: fraud/embezzlement/theft; guideline: § 2B1.6; criminal history category I; excluding career offenders).

### B. Defendant's Background

Mr. Huacuz is a 51-year-old naturalized U.S. citizen, born in Mexico City, Mexico. He emigrated to the United States as a teenager through his mother's relationship with a U.S. citizen and eventually moved from Texas to Missouri. Mr. Huacuz has been married to his wife, Vanessa, since 1994 and together they have raised three children. He is a devoted husband and father, and his family remains a central part of his life.

Mr. Huacuz earned a Bachelor of Science in Accounting from Missouri State University in 2009. He has a long history of employment, including over a decade of public service with the Taney County Health Department (TCHD). Prior to that, he worked in both public accounting and the service industry. He has also operated several small businesses.[12]

Mr. Huacuz has no prior criminal history and has fully complied with all conditions of pretrial release.[13] Despite the serious nature of the offense, Mr. Huacuz's background reflects a life of hard work, family commitment and community involvement. He has expressed remorse for his actions and a willingness to make restitution. Upon release, he plans to return to his home in Branson, Missouri, and resume his role as a supportive husband and father.

### C. Nature and Circumstances of the Offense

The nature and circumstances of the offense are thoroughly detailed in the PSR. Mr. Huacuz has accepted full responsibility for a series of financial misjudgments committed during his tenure as Chief Financial Officer and Chief Operating Officer of TCHD. Over the course of several years, Mr. Huacuz, a long-serving and trusted public servant, made decisions that ultimately resulted in the misuse of $258,976.15 in public funds. This conduct included unauthorized personal charges on TCHD-issued credit cards and the redirection of funds through

---

[12] PSR at 17-18; ¶¶ 56-66.
[13] PSR at 5; ¶ 4.

a business entity under his control. These actions, while serious, were nonviolent and did not involve threats, coercion, or physical harm to any person.

Mr. Huacuz's offenses occurred in the context of a high-pressure public health environment, including the unprecedented challenges of the COVID-19 pandemic. While this context does not excuse his actions, it offers insight into the intense, high-stakes setting that contributed to his lapse in judgment. Importantly, once the misconduct was discovered, Mr. Huacuz entered a timely guilty plea and has expressed sincere remorse. He has complied fully with all conditions of pretrial release and has not reoffended.

### D. History and Characteristics of the Defendant

This is Mr. Huacuz's first criminal offense. He has an extremely limited criminal history, consisting only of minor traffic violations. His life has otherwise been marked by hard work, immigration in pursuit of a better future, deep family commitment and a longstanding record of public service. While his conduct represents a serious breach of trust, it does not reflect a pattern of criminal behavior but rather a significant lapse in judgment. He has demonstrated a willingness to make restitution and to take full responsibility for the harm caused.

### E. Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense

A sentence consisting of twelve months of home confinement for Counts 1 through 4, followed by the mandatory 24-month term of imprisonment for Count 5, would appropriately reflect the seriousness of Mr. Huacuz's offense, promote respect for the law, and provide just punishment that is sufficient but not greater than necessary. The home confinement imposes a meaningful restriction on Mr. Huacuz's liberty while allowing him to continue restitution efforts. The consecutive custodial sentence for aggravated identity theft ensures accountability for the statutory violation and reinforces the gravity of the offense.

### F. Need to Afford Adequate Deterrence to Criminal Conduct

Under 18 U.S.C. § 3553(a)(2)(B), the Court must consider the need for the sentence to afford adequate deterrence to criminal conduct. Research shows that the certainty of being caught is a more powerful deterrent than the punishment itself, and that long sentences are unlikely to deter future crime.[14] Rather, imprisonment can have a "criminogenic effect on low-risk offenders, transforming those with low chances of recidivating into those destined to offend again."[15]

While general deterrence remains a relevant consideration in financial offenses, Mr. Huacuz's case presents mitigating circumstances that support a measured approach. Given that Mr. Huacuz has no prior criminal history and has demonstrated sincere remorse, a lengthy incarceration may actually increase his likelihood of reoffending. This outcome would undermine the deterrent effect intended by 18 U.S.C. § 3553(a)(2)(B). Instead, a sentence of 12 months of home confinement followed by 24 months of imprisonment appropriately balances deterrence with rehabilitation. A total sentence of 36 months serves as a meaningful deterrent without being greater than necessary under the *Gall* standard.

### G. Need to Protect the Public from Further Crimes of the Defendant

Again, as stated above, a sentence of twelve months home confinement for Counts 1 through 4, followed by a mandatory twenty-four-month term of imprisonment for Count 5, would protect the public from further crimes while acknowledging Mr. Huacuz's low risk of

---

[14] Nagin, D. S. (2013). Deterrence in the Twenty-First Century. *Crime and Justice*, *42*(1), 199–263. https://doi.org/10.1086/670398.

[15] Nagin, D. S., Cullen, F. T., & Jonson, C. L. (2009). Imprisonment and Reoffending. *Crime and Justice*, *38*(1), 128. https://doi.org/10.1086/599202.

recidivism. He has no prior criminal history, has complied fully with pretrial supervision, and has shown a willingness to make restitution.

Additionally, subsequent to any sentence, Mr. Huacuz could be placed on supervised release for up to three years for Counts 1 through 4 and one year for Count 5. Under that supervision, Mr. Huacuz would be closely monitored by the U.S. Probation Office. If he were to ever violate his terms of supervision, he would face additional years in custody for each count.

Furthermore, when taken together, age and criminal history are the best predictors of recidivism. Defendants in the 50-59 age range with zero criminal history have extremely low rates of recidivism upon release at just 15%.[16] Mr. Huacuz is 51 years old[17] with a criminal history score of 0.[18] Even with a reduced sentence of 36-months, Mr. Huacuz would be around 54 years old upon release. Statistically, Mr. Huacuz is unlikely to reoffend once released. As such, the proposed sentence would suffice to protect the public from future criminal conduct by Mr. Huacuz.

### H. Mental and Physical Health, Substance Abuse and Educational Background

Mr. Huacuz is generally in good health, although he manages high cholesterol with medication and uses a CPAP machine for sleep apnea. He has no history of substance abuse and reports only occasional, past recreational marijuana use. Mr. Huacuz has been prescribed sertraline and methylphenidate to manage symptoms of depression and ADHD. His wife has confirmed both his diagnosis for ADHD and his compliance with treatment. Mr. Huacuz also holds a Bachelor of Science in Accounting from Missouri State University.[19]

---

[16] Ryan Cotter, et al., *Recidivism of Federal Offenders Released in 2010*. U.S. Sent'g Comm'n (2021) at 30.
[17] PSR at 3.
[18] PSR at 16; ¶ 53.
[19] PSR at 18-19; ¶¶ 67-72.

While his health and educational background suggest no current need for substance abuse treatment, he remains open to participating in any rehabilitative or self-improvement programs available during his sentence.

### I. Need to Avoid Unwarranted Sentencing Disparities

A sentence totaling 36 months, comprised of 12 months of home confinement for Counts 1 through 4 and the mandatory 24-month term of imprisonment for Count 5, would not result in unwarranted sentencing disparities among similarly situated defendants. According to data from the U.S. Sentencing Commission, individuals convicted of comparable nonviolent white-collar fraud offenses often receive sentences averaging between 22 and 24 months.[20] Additionally, Mr. Huacuz is a first-time offender and has accepted responsibility pursuant to §3E1.1(a) and (b). Therefore, a 36-month sentence is consistent with sentencing practices and does not create disparity.

### J. Need for Restitution and Victim Compensation

Mr. Huacuz has demonstrated accountability by agreeing to pay $258,976.15 in restitution, pursuant to his plea agreement. By proactively accepting financial responsibility, he has shown a willingness to cooperate with the Court and a clear intent to begin making amends.

### IV. **REQUEST FOR LOCATION**

Mr. Huacuz requests to be placed as close to family as possible.

---

[20] U.S. Sent'g Comm'n, *Interactive Data Analyzer*, https://ida.ussc.gov (last accessed July 25, 2025) (filtering for fiscal years 2019-2024; crime type: fraud/embezzlement/theft; guideline: § 2B1.6; criminal history category I; excluding career offenders).

V. **CONCLUSION**

For the reasons set forth above, the Defendant respectfully requests that the Court impose a sentence of twelve months of home confinement for Counts 1 through 4, followed by a mandatory twenty-four-month term of imprisonment for Count 5, for a total sentence of thirty-six months. This sentence is consistent with the goals of 18 U.S.C. § 3553(a), reflects the seriousness of the offense, promotes respect for the law and provides just punishment without being greater than necessary. The Defendant further requests that the Court give effect to the terms of the plea agreement, including the agreed-upon restitution amount of $258,976.15.

Additionally, twelve months of home confinement for Counts 1 through 4, allows Mr. Huacuz to actively work toward fulfilling any remaining restitution obligations. The defendant defers to the Court's discretion regarding the appropriate term of supervised release to follow all portions of the sentence.

Date:   September 18, 2025

>                               Respectfully Submitted,
>
>                               SCHENEWERK & ASSOCIATES,
>                               ATTORNEYS AT LAW, LLC
>
>                               By: /s/*Russ Schenewerk*_____
>                               Russ Schenewerk, MOBAR #51178
>                               Attorneys at Law
>                               100 Prairie Dunes Dr., Ste. 200
>                               Branson, Missouri 65616
>                               Phone:  417-334-7922
>                               Fax:    417-334-7923
>                               Email:  russ@sfalawfirm.com
>                               Attorney for Defendant